IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHAUNCEY MOORE, both individually )
and as father and next friend )
of Essence Moore, )
 )
        Plaintiff, )
 )
v. ) No. 05 C 5868
 )
CITY OF CHICAGO, MARTIN TERESI, )
and RICHARD DORONIUK, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Chauncey Moore brought this action, both individually and as the next friend of his minor daughter, Essence Moore.[1] Named as defendants are the City of Chicago and two of its police officers, Martin Teresi and Richard Doroniuk. Chauncey is also a Chicago police officer. Plaintiffs allege that they were in a car parked in a police station parking lot waiting to visit with Chauncey's wife (Essence's mother), who is

---

[1] Although Chauncey Moore (in his representative capacity) is the actual party in this case, further references will be made to "Essence" as if she herself were the plaintiff. Those references should be understood as shorthand for Chauncey Moore acting in his representative capacity. As to his individual claims and otherwise, Mr. Moore will henceforth be referred to as "Chauncey."

also a police officer. Plaintiffs allege that Teresi and Doroniuk ordered Chauncey out of the car and, without provocation or justification, Doroniuk pointed his firearm at Chauncey and Teresi sprayed pepper spray into Chauncey's eyes. This occurred in front of Essence. Another child, who is not a plaintiff in this case, was also in the car. Plaintiffs expressly allege that the incident occurred on April 14, 2003. There are also allegations that Chauncey was disciplined for the incident, allegedly based on false testimony by the individual defendants. On May 28, 2005, the Police Department sustained the charges against Chauncey.

This action was originally filed in the Circuit Court of Cook County, Illinois. The original complaint contained three state law counts. The two counts brought by Chauncey were labeled as assault and battery[2] and negligence and the count brought by Essence was labeled as intentional infliction of emotional distress. All the claims solely concerned the April 14, 2003 incident. The original complaint contained no allegations regarding subsequent discipline. The original complaint was filed on April 13, 2005.

---

[2]Although the facts alleged in the assault and battery claim would have also supported a claim for excessive force in violation of the federal Constitution, for removal purposes and relation back purposes it must be construed as a state law claim only. See Henderson v. Bolanda, 253 F.3d 928, 932 n.3 (7th Cir. 2001).

On October 3, 2005, plaintiffs filed an amended complaint in state court. That same day it was served on the City of Chicago. On October 12, 2005, the City removed the case to federal court based on the federal question claims contained in the amended complaint.[3] The amended complaint contains five counts. Counts I through III are brought by Chauncey and each contains references to 42 U.S.C. §§ 1982 and 1988. Count I is an excessive force claim. Count II contains allegations regarding the discipline of Chauncey and the allegedly false testimony of the individual defendants. Count III includes allegations that the Police Department did not discipline the individual defendants for the conduct alleged in the amended complaint or for falsely testifying against Chauncey. In Count IV, it is alleged that Essence was within the zone of danger and at risk of injury during defendants' physical attack and that this violated sections 1982 and 1988. Count V is Essence's state law intentional infliction of emotional distress claim. In response

---

[3]In ¶ 2 of the notice of removal, it is stated that the individual defendants have not yet been served. It is unclear whether this is a reference to service of the amended complaint or a contention that there has been no service whatsoever on the individual defendants. The City failed to fully comply with the requirements of 28 U.S.C. § 1446(a) in that the notice of removal does not include "a copy of all process, pleadings, and orders served upon . . . defendant." The limited docket information available on Westlaw shows that the individual defendants were served on August 29, 2005, which would have been the original complaint. Although the individual defendants did not join in the removal, that defect in removal procedure could not presently be raised by plaintiffs. See 28 U.S.C. § 1447(c); Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003).

to the City's motion to dismiss, plaintiffs clarify that they intended to cite § 1983 and that Counts I through IV are pursuant to 42 U.S.C. § 1983, not 42 U.S.C. § 1982.

The City has moved to dismiss the claims on the ground that they fail to adequately allege a § 1982 claim or intentional infliction of emotional distress claim. Alternatively, the City contends the claims are untimely. To the extent applicable, the City's arguments will also be considered as to the claims against the individual defendants. As is discussed below, some of plaintiffs' claims will not be dismissed. To the extent plaintiffs desire to pursue their claims as against the individual defendants, they must promptly serve those defendants with copies of the amended complaint, the notice of removal, and today's ruling.[4] Plaintiffs must do this within 14 days of today's ruling. The individual defendants will have 20 days thereafter to answer or otherwise plead, as well as 30 days after service to file a written pleading stating that they either join in or decline to join in the removal. If plaintiffs do not desire to pursue the claims against the individual defendants, they should promptly file a written motion to voluntarily dismiss those defendants.

---

[4] If plaintiffs did not serve the original complaint and summons on the individual defendants, a summons must also be served upon them. No opinion is expressed regarding whether such service would be timely.

As to Counts I through IV, the City's only contention is that plaintiffs fail to state facts supporting a violation of § 1982. The City does not contend that plaintiffs fail to adequately allege violations of § 1983. Contrary to the City's contention, plaintiffs are not bound by the legal characterizations of their claims that are contained in the amended complaint. See Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999); O'Connor v. Local 881 United Food & Commercial Workers, 393 F. Supp. 2d 649, 652 (N.D. Ill. 2005). Counts I through IV will not be dismissed for failure to allege a claim upon which relief can be granted.

As to Count V, the City contends that claim is deficient in that it does not allege the individual officers' conduct was willful and wanton as is required by 745 ILCS 10/2-202. The City cannot be liable if the individual officers are not. See id. § 10/2-109. Although Count V itself makes express reference to failures to exercise ordinary care, other counts contain express factual allegations that defendants' conduct was willful and wanton. The conduct alleged in Count V is intentional conduct and may be legally characterized as willful and wanton. Count V will not be dismissed for failing to allege willful and wanton conduct.

The City contends the claims are untimely. A two-year statute of limitations applies to the § 1983 claims. Williams v.

Lampe, 399 F.3d 867, 870 (7th Cir. 2005). A one-year limitation period generally applies to the Count V state law claim, and also applied to the state law claims contained in the original complaint. 745 ILCS 10/8-101; Williams, 399 F.3d at 870; Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago, 213 Ill. 2d 1, 820 N.E.2d 401, 408 (2004). Although the statute of limitations is an affirmative defense that ordinarily cannot be raised on a motion to dismiss, a plaintiff can plead himself or herself out of court by alleging facts conclusively showing that the claims are untimely. Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995); Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994); Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992). Plaintiffs have expressly alleged that the incident that is the primary subject of this lawsuit occurred on April 14, 2003. Chauncey does not contend that any facts outside the complaint would support that, regarding the claims by him, the statute of limitations was tolled in any manner.

Neither of Essence's claims can be untimely because she is still a minor. She has one year after she turns eighteen to bring the state law claim contained in Count V. See 735 ILCS 5/13-202, 13-211; 745 ILCS 10/8-101; Ferguson v. McKenzie, 202 Ill. 2d 304, 780 N.E.2d 660, 664-65 (2001); Paszkowski, 820 N.E.2d at 407-08; Basham v. Hunt, 332 Ill. App. 3d 980,

773 N.E.2d 1213, 1222-23 (1st Dist. 2002); McKinnon v. Thompson, 325 Ill. App. 3d 241, 758 N.E.2d 316, 318-19 (2d Dist. 2001), appeal denied, 198 Ill. 2d 594, 766 N.E.2d 240 (2002). As to the Count IV § 1983 claim, the federal limitation period incorporates Illinois's statute of repose. Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993); Bolden v. Village of Bellwood, 1999 WL 438995 *1 (N.D. Ill. June 21, 1999); Doe v. Board of Education of Hononegah Community High School District No. 207, 833 F. Supp. 1366, 1375 (N.D. Ill. 1993). The § 1983 claim must be filed within two years after Essence turns eighteen. 735 ILCS 5/13-211; Campanaro v. Buhle, 1996 WL 616554 (N.D. Ill. Oct. 24, 1996); Doe, 833 F. Supp. at 1375. Essence's claims will not be dismissed.

Chauncey's claims are different. The amended complaint containing his § 1983 claims was not filed until more than two years after the incident that is the sole subject of Count I. Chauncey contends that this claim relates back to the filing of the original complaint or that defendants have waived the statute of limitations defense. Seventh Circuit case law directly on point establishes that none of Chauncey's claims relate back. Henderson v. Bolanda, 253 F.3d 928, 931-33 (7th Cir. 2001). See also Williams, 399 F.3d at 870. Under Fed. R. Civ. P. 15(c), amended pleadings do not relate back if the prior pleading was untimely. Henderson, 253 F.3d at 931. The same is true under state procedural law. Id. at 932-33. Here, Chauncey's claims in

the original complaint were all untimely because they were state law claims brought more than one year after those claims accrued. Id. at 932. Even if defendants did not object to the filing of an amended complaint, that does not waive their opportunity to raise the statute of limitations defense to the amended complaint. Windy City Innovations, LLC v. American Online, Inc., 227 F.R.D. 278, 281 (N.D. Ill. 2005). Cf. Williams, 399 F.3d at 870.

Count I is a claim that Chauncey was subjected to excessive force on April 14, 2003. That claim was raised for the first time in the amended complaint filed on October 3, 2005. Since that is more than two years after the excessive force claim accrued, Count I will be dismissed as untimely.

Count II apparently is based on improper discipline of plaintiff.[5] Since no discipline was imposed until May 28, 2005, that claim is not untimely. Count II will not be dismissed.

Count III apparently is based on failing to discipline the individual defendants. That would necessarily be based on conduct that occurred subsequent to April 14, 2003. Nothing in the amended complaint conclusively establishes that all the

---

[5]Counts II and III are not artfully pleaded so it is difficult to precisely identify the grounds for relief contained therein. Since the City raises no argument regarding the substantive merits of Counts II and III, it is assumed that each sufficiently states a basis for relief and that each represents a claim distinct from the Count I excessive force claim.

conduct supporting this claim occurred prior to October 3, 2003. Count III will not be dismissed.

Count I is the only claim that will be dismissed. To the extent plaintiffs intend to proceed against the individual defendants, they must promptly ensure that the individual defendants receive proper notice of these proceedings.

IT IS THEREFORE ORDERED that defendant City of Chicago's motion to dismiss [5] is granted in part and denied in part. Count I of the amended complaint is dismissed. Within 14 days, defendant City of Chicago shall answer the remaining allegations of the amended complaint. All discovery is to be completed by June 30, 2006. A status hearing will be held on April 5, 2006 at 11:00 a.m.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 21, 2006