IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHAUNCEY MOORE, both individually )
and as father and next friend )
of Essence Moore, )
                                 )
            Plaintiff,           )
                                 )
     v.                          )   No. 05 C 5868
                                 )
CITY OF CHICAGO, MARTIN TERESI,  )
and RICHARD DORONIUK,            )
                                 )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Chauncey Moore brings this action, both individually and as the next friend of his minor daughter, Essence Moore.[1] Named as defendants are the City of Chicago and two of its police officers, Martin Teresi and Richard Doroniuk. Chauncey is also a Chicago police officer. Plaintiffs allege that they were in a car parked in a police station parking lot waiting for Chantell, who is also a police officer. Plaintiffs allege that Teresi and Doroniuk ordered Chauncey out of the car

---

[1] Although Chauncey Moore (in his representative capacity) is the actual party in this case, further references will be made to "Essence" as if she herself were the plaintiff. Those references should be understood as shorthand for Chauncey Moore acting in his representative capacity. As to his individual claims and otherwise, Mr. Moore will henceforth be referred to as "Chauncey." Chantell Moore ("Chantell") is Chauncey's wife and Essence's mother.

and, without provocation or justification, Doroniuk pointed his firearm at Chauncey and Teresi sprayed pepper spray into Chauncey's eyes. This occurred in front of Essence. Another child, who is not a plaintiff in this case, was also in the car.

On the City's motion to dismiss, it was held that Chauncey's excessive force claim was untimely. See Moore v. City of Chicago, 2006 WL 452428 *3 (N.D. Ill. Feb. 21, 2006). Chauncey's other two counts were not dismissed because they are based on disciplinary actions that occurred at a later time. See id. Essence's two counts could not be dismissed as untimely since, as a minor, the limitation periods for filing her claims had not yet begun to run. Id. at *2. The prior ruling only considered the narrow grounds for dismissal raised by the City; the substantive merits of the claims were not considered. See id. at *2-3 & n.5. In Count II, Chauncey contends he was improperly disciplined for the incident described above. In Count III, Chauncey complains that the City failed to discipline the other two defendants for their conduct toward him, including their false testimony at his disciplinary hearing, which contributed to Chauncey being wrongly disciplined. Chauncey presently contends that Counts II and III constitute violations of federal due process and equal protection. In Count IV, it is alleged that, in violation of the federal Constitution, Essence was within the zone of danger and at risk of injury during defendants' physical attack. Count V is a state law claim that Essence suffered intentional infliction of emotional distress

watching her father being attacked and because she was potentially in the line of fire of the gun that was drawn on her father. Presently pending are the parties' cross motions for summary judgment. As part of their motion for summary judgment, defendants also contend that Counts II through IV fail to allege any constitutional violation.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Scott v. Harris, 127 S. Ct. 1769, 1774, 1776 (2007); Scaife v. Cook County, 446 F.3d 735, 738-39 (7th Cir. 2006). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Creditor's Committee of Jumer's Castle Lodge, Inc. v. Jumer, 472 F.3d 943, 946 (7th Cir. 2007); Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he, she, or it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Jumer, 472 F.3d at 946; Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006), cert. denied, 127 S. Ct. 2947 (2007). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Yasak v. Retirement Board of Policemen's Annuity & Benefit Fund of

Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir. 1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir. 1988); Shyman v. UNUM Life Insurance Co. of America, 2004 WL 609280 *2 (N.D. Ill. March 25, 2004), aff'd, 427 F.3d 452 (7th Cir. 2005). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence

> favoring the nonmoving party for a jury to return
> a verdict for that party." <u>Anderson v. Liberty
> Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S. Ct. 2505,
> 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical
> doubt" regarding the existence of a genuine fact
> issue is not enough to stave off summary
> judgment, and "the nonmovant fails to demonstrate
> a genuine issue for trial 'where the record taken
> as a whole could not lead a rational trier of
> fact to find for the non-moving party . . . .'"
> <u>Logan</u>, 96 F.3d at 978 (quoting <u>Matsushita Elec.
> Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S.
> 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538
> (1986)).

<u>Outlaw</u>, 259 F.3d at 837.

Defendants' motion will be considered first. In ruling on that motion, all genuine factual disputes are resolved in plaintiffs' favor and all reasonable inferences that favor plaintiffs are drawn. The confrontation between Chauncey and the two individual defendants occurred on April 13, 2003. Chauncey and his two children were in a car in a police station parking lot waiting for Chantell, who is also a Chicago police officer. In order to resolve Chauncey's two remaining claims, it is unnecessary to detail the confrontation that occurred. Teresi questioned Chauncey about his identity. Chauncey said he was a police officer and showed his badge, but not his identification card. A confrontation occurred in which Doroniuk pointed his gun at Chauncey and Teresi sprayed Chauncey with pepper spray. Essence witnessed the confrontation from inside the car.

Thereafter, Chauncey was charged with certain violations and he filed a complaint against Teresi and Doroniuk. The Police

Department's Office of Professional Standards ("OPS") conducted an investigation. Chauncey was represented by an attorney during the proceedings and was provided various levels of appeal. OPS investigators took statements from Chauncey, Teresi, and Doroniuk, but not Essence. They also took statements from other officers who witnessed the confrontation and the supervisor who became involved afterwards. OPS exonerated Teresi and Doroniuk. Chauncey was found guilty of four violations, including "Failure of a member, whether on or off duty, to correctly identify himself by giving his name, rank and star number when so required by other members of the Department or by a private citizen." On defendants' motion, it must be taken as true that Chauncey identified himself as a police officer and showed his badge. In their statements to OPS, Teresi and Doroniuk stated that Chauncey did not show any form of identification. For present purposes, those statements must be assumed to have been false.

Defendants contend it is not a violation of due process for state actors to testify falsely during a government employee's disciplinary proceedings. They cite no cases supporting this assertion.[2] On the other side, Chauncey asserts

---

[2]In addition to alleging in the complaint that the individual defendants made false statements during the OPS proceedings, plaintiff alleges that such conduct violates Department policies and procedures. Defendants cite Thompson v. City of Chicago, 472 F.3d 444, 464 (7th Cir. 2006), for the proposition that violations of police regulations do not, by themselves, support a constitutional violation. Defendants cite no case addressing whether the underlying conduct of a state

that making false statements during the OPS investigation violated due process. Chauncey cites Blount v. New York Unified Court System, 2006 U.S. Dist. Lexis 44013 *14-17 (E.D.N.Y. March 15, 2005). In that case, it was alleged that state court employees violated § 1983 by conspiring to provide false testimony at a fellow employee's workers' compensation hearing. The issue in that case, however, was whether or not a conspiracy was adequately alleged. See id. at *16-17. Whether a state actor providing false evidence at another employee's hearing violates the Constitution was not at issue; it was assumed to be a violation of the Constitution.[3]

In the Seventh Circuit, it is not a federal due process violation when police officers provide false testimony at a criminal proceeding. Harris v. Kuba, 486 F.3d 1010, 1016-17 (7th Cir. 2007); Griffin v. City of Chicago, 406 F. Supp. 2d 938, 947-48 (N.D. Ill. 2005); Gomez v. Riccio, 2006 WL 1030196 (N.D.

---

actor making false statements during an employee disciplinary proceeding violates the Constitution.

[3]This claim was also considered in a subsequent ruling on summary judgment. See Blount v. Swiderski, 2006 WL 3314635 *15-19 (E.D.N.Y. Nov. 14, 2006). At that stage of the proceeding, it was again assumed without discussion that such false testimony can violate the Constitution. The court discussed that proof of a conspiracy was necessary to avoid absolute witness immunity. (The court noted that witness immunity applies to quasi-judicial proceedings such as workers' compensation proceedings and that the Second Circuit was the only federal circuit to recognize this conspiracy exception to witness immunity.) Summary judgment was granted to certain defendants on the ground that there was insufficient evidence to support that a conspiracy existed.

Ill. April 12, 2006). This is so because the "Constitution does not require that police testify truthfully; rather 'the constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies.'" Harris, 486 F.3d at 1017 (quoting Sornberger v. City of Knoxville, Ill., 434 F.3d 1006, 1029 (7th Cir. 2006) (quoting Buie v. McAdory, 341 F.3d 623, 625-26 (7th Cir. 2003))). An employee disciplinary proceeding before a municipal entity does not allow for greater due process protections than a criminal proceeding. Just as in the criminal context, being provided a fair and adequate disciplinary hearing was Chauncey's protection against the false testimony of a police officer. Cf. Montgomery v. Kitsap County, 2006 WL 1785846 *9 (W.D. Wash. June 23, 2006) ("Where, as in this case, a 'claim of unlawful discharge was submitted to binding arbitration,' and the terminated employee 'had a chance to call witnesses and introduce evidence on his behalf at that arbitration,' the arbitration constitutes 'sufficient protection against a wrongful or erroneous discharge.' Powell v. Mikulecky, 891 F.2d 1454, 1459-60 (10th Cir. 1989); see also Brown v. Texas A & M University, 804 F.2d 327, 335-36 (5th Cir. 1986) (receipt of full evidentiary hearing before mutually-selected, impartial arbitrator precluded plaintiff from establishing deprivation of constitutionally adequate post-termination procedures). Accordingly, the question of whether false testimony was

presented at the arbitration hearing by defendant is not relevant to the issue of whether plaintiff Montgomery's post-termination due process rights were violated."). Chauncey disagrees with the credibility determinations made by OPS, the Police Board, and others who reviewed the determinations, but he does not show that the procedures provided violated due process.

In his brief, Chauncey also asserts, without any supporting argument, that the false testimony supports an equal protection violation. He does not appear to be claiming that he was treated differently because of his race or some other characteristic. If that is his contention, though, no sufficient evidence is presented to support that he was discriminated against based on being a member of any particular protected category. He also has not presented evidence to support a "class of one" equal protection violation. See Simonsen v. Board of Educ. of City of Chicago, 2001 WL 1250103 *5 (N.D. Ill. Oct 17, 2001), aff'd by unpublished order, 115 F. App'x 887 (7th Cir. 2004).

Count II will be dismissed.

In Count III, Chauncey contends that the failure to discipline Teresi and Doroniuk violated Chauncey's constitutional rights. Chauncey cites no case law supporting that such conduct can support a constitutional violation. There is no constitutional right to have police perform an adequate internal investigation of complaints of police misconduct. David v.

Village of Oak Lawn, 954 F. Supp. 1241, 1245-46 (N.D. Ill. 1996).[4] Count III will be dismissed.

As to Essence's Count IV claim, defendants argue that there is no cognizable constitutional claim for being subjected to intentional infliction of emotional distress and that Essence cannot base her constitutional claim on the violation of another person's constitutional rights. Neither of plaintiffs' briefs address these issues.[5] In any event, while damages for emotional distress may be recovered in a § 1983 action, intentional infliction of emotional distress is not itself a cognizable constitutional claim. McNair v. Coffey, 279 F.3d 463, 467 (7th Cir. 2002); Varvaris v. Delia, 1996 WL 521287 *3 (N.D. Ill. Sept. 11, 1996); McNamara v. Foley, 1998 WL 409412 *6 n.3 (N.D. Ill. July 15, 1998); Barkauskie v. Indian River Sch. Dist., 951 F. Supp. 519, 539 & n.6 (D. Del. 1996).

---

[4]This is not a situation where the City's failure to discipline the individual defendants can be evidence that the City condoned a constitutional violation or caused it by allowing the officers to commit similar misconduct in the past. Any such evidence would only go to the City's liability for any constitutional violation that occurred during the initial confrontation. That claim, however, was previously dismissed as untimely. Chauncey's remaining claims only pertain to the subsequent discipline that were imposed because of his own conduct during the incident.

[5]Although Essence is a minor, she, like other parties, is bound by the conduct of her attorney. See Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, Inc., 852 F.2d 280, 284 (7th Cir. 1988); Salgado v. G.M.C., 1997 WL 106282 *2 (N.D. Ill. Feb. 11, 1997), aff'd, 150 F.3d 735 (7th Cir. 1998).

Since Essence was not physically touched by the individual defendants nor hit by the pepper spray, her only other contention regarding excessive force is that Doroniuk improperly pulled his firearm and pointed it in her direction when pointing it at Chauncey. Unless done in a particularly threatening manner and with little or no provocation or justification, pointing a firearm at a person will not, by itself, constitute excessive force in violation of the Fourth Amendment. See McNair, 279 F.3d at 466-68; Jacobs v. City of Chicago, 215 F.3d 758, 773-74 (7th Cir. 2000) (breaking down apartment door and pointing gun at cooperative occupant's head for more than ten minutes and continuing to do so even after learning it was the wrong apartment); McDonald by McDonald v. Haskins, 966 F.2d 292, 294-95 (7th Cir. 1992) (during search of apartment, holding firearm to head of nonthreatening nine-year-old and threatening to pull the trigger); Williams v. City of Champaign, 2007 WL 522184 *16-18 (C.D. Ill. Feb. 15, 2007); Miller v. Lewis, 381 F. Supp. 2d 773, 785-88 (N.D. Ill. 2005). Here, there was a disagreement with Chauncey. Even if there was not sufficient justification for Doroniuk to pull out his firearm, it would not constitute excessive force. Essence happened to be behind Chauncey when the gun was pointed at Chauncey and there is no evidence that Doroniuk verbally threatened to pull the trigger or physically indicated an imminent threat to actually fire the weapon. The

evidence does not support that Essence was subjected to excessive force. Count IV will be dismissed.

Since all the federal claims are being dismissed, the court will not retain jurisdiction over Essence's remaining state law claim of intentional infliction of emotional distress. Since this case was removed from state court, the remaining claim (Count V) will be remanded to the state court for further proceedings. See 28 U.S.C. § 1447(c); Futch v. AIG, Inc., 2007 WL 1752200 *5 (S.D. Ill. June 15, 2007); Bregin v. Liquidebt Sys., Inc., 2008 WL 150611 *18 (N.D. Ind. Jan. 14, 2008); Bell v. Anderson Cmty. Sch., 2007 WL 2265067 *9 (S.D. Ind. Aug. 6, 2007); Baron v. Frederickson, 419 F. Supp. 2d 1056, 1064 (W.D. Wis. 2006); Keohane v. Chicago Park Dist., 2001 WL 914483 *2 (N.D. Ill. Aug. 13, 2001). To the extent the pending summary judgment motions pertain to Count V, no ruling is made as to that aspect of the two motions. It is left to the state court's discretion as to further proceedings regarding Count V.

Since defendants are entitled to summary judgment dismissing the federal claims, it is unnecessary to separately address plaintiffs' summary judgment motion. Plaintiffs' summary judgment motion is denied except to the extent Essence seeks summary judgment on Count V.

IT IS THEREFORE ORDERED that plaintiffs' motion for summary judgment [43] is denied except that no ruling is made regarding Count V. Defendants' motion for summary judgment [49]

is granted except that no ruling is made regarding Count V. There being no just reason for delay, the Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff Chauncey Moore in his personal capacity dismissing plaintiff Chauncey Moore's personal capacity cause of action with prejudice. Count IV of the First Amended Complaint is dismissed. The Clerk of the Court is further directed to remand the remaining aspects of this case to the Circuit Court of Cook County, Illinois, County Department, Law Division.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 20, 2008