IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHAUNCEY MOORE, both individually )
and as father and next friend )
of Essence Moore, )
 )
                Plaintiff, )
 )
        v.                               )  No. 05 C 5868
 )
CITY OF CHICAGO, MARTIN TERESI, )
and RICHARD DORONIUK, )
 )
                Defendants. )

## OPINION AND ORDER

This action, which was removed from state court, contained claims by Chauncey Moore, a Chicago police officer, in both his individual capacity and in his representative capacity as the father and next friend of Essence Moore. On a motion to dismiss, Chauncey's individual excessive force claim was dismissed as untimely. See Moore v. City of Chicago, 2006 WL 452428 *3 (N.D. Ill. Feb. 21, 2006). Chauncey's individual constitutional claims related to his employment were dismissed on summary judgment. See Moore v. City of Chicago, 2008 WL 516338 *3-4 (N.D. Ill. Feb. 20, 2008). The constitutional claim brought on behalf of Essence was also dismissed on summary judgment. See id. at *4. Since all the federal claims had been dismissed, the

remaining state law claim for intentional infliction of emotional distress brought on behalf of Essence was remanded to state court for further proceedings. See id. at *5. All of Chauncey's individual claims having been resolved against him, pursuant to Rule 54(b), a final judgment was entered in favor of defendants and against Chauncey in his individual capacity. See id. Thereafter, defendants submitted their bill of costs which plaintiffs oppose.

Plaintiffs contend the bill of costs is premature since the state law claim on behalf of Essence was not dismissed. Consistent with entering a Rule 54(b) judgment, however, it was found that Chauncey's individual cause of action was sufficiently distinct and no just reason existed for delaying the entry of judgment. A final judgment has been entered as to Chauncey's individual cause of action. Therefore, it is appropriate to currently award costs as against Chauncey in his individual capacity. Since one of the claims brought on behalf of Essence has not yet been fully resolved, it cannot be determined whether defendants will prevail as against Essence. No costs will be awarded as against Chauncey in his representative capacity on behalf of Essence. The award of costs must be limited to those appropriately awarded as against Chauncey in his individual capacity.

Chauncey also contends that it is inappropriate to award costs against him because of his financial condition. See generally Rivera v. City of Chicago, 469 F.3d 631, 634-36 (7th

Cir. 2006) (indigence is a factor that can be considered when awarding costs). Chauncey did not proceed in forma pauperis in this case and he does not provide any financial affidavit in response to the bill of costs. Chauncey is still employed as a Chicago police officer and there has been nothing to indicate that his wife is no longer employed as a Chicago police officer. The burden is on Chauncey to show that he "is 'incapable of paying the court-imposed costs at this time or in the future.'" Id. at 635 (quoting McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994)). Since there is nothing to support that Chauncey is incapable of paying costs, it will not be considered whether there is any financial basis for denying or limiting costs.

Chauncey also objects that defendants have not made any attempt to allocate costs between the defense of his individual claims and the defense of the claims brought on behalf of Essence. Defendants assert that all the costs would have been incurred regardless of whether Essence's claims were in this case. That is obviously incorrect. Defendants include copying expenses for a motion to dismiss Count IV, which only pertained to Essence. They also include expenses related to obtaining Essence's school records, which would have pertained only to the intentional infliction of emotional distress claim.

Defendants have included expenses for obtaining transcripts (and often videotapes) of the depositions of the two individual defendants and additional police officers other than Chauncey and his wife. None of these transcripts were used for

the summary judgment motion. Not using a transcript for a summary judgment motion does not mean it was unnecessary to take the deposition at the time it occurred. See Phelan v. Cook County, 2005 WL 1705821 *1 (N.D. Ill. July 20, 2005). However, as to the depositions of the individual defendants, as well as the other officers, plaintiff would have been the one to request those depositions. The expenses requested by defendants are not for taking the depositions, but for having them transcribed. The burden is on defendants to show that obtaining the transcriptions were necessary expenses for the case. Id. Since not necessary to support their summary judgment motion, there is no apparent reason for obtaining the transcriptions and defendants do not offer any reason. Costs for producing transcripts will be limited to the transcripts of Chantell, Essence, and Chauncey. As to Chantell and Essence, the transcript costs awarded will be reduced by 25% to eliminate an estimated cost of pages pertaining only to claims on behalf of Essence.

Additional copies of documents for the convenience of multiple attorneys are not an awardable cost. Haroco, Inc. v. American Nat. Bank & Trust Co. of Chicago, 38 F.3d 1429, 1441 (7th Cir. 1994); Shanklin Corp. v. American Packaging Mach., Inc., 2006 WL 2054382 *4 (N.D. Ill. July 18, 2006); Young v. City of Chicago, 2002 WL 31118328 *2 (N.D. Ill. Sept. 24, 2002). No costs will be awarded for extra copies of transcripts that defendants made. Also, defendants include exemplification costs for two copies of pleadings filed by plaintiffs. Presumably,

defendants were printing out copies of documents that plaintiffs filed electronically. The second copies, apparently for the convenience of multiple defense attorneys, should not be included in costs.

Applying the above rulings, the amount of costs to be awarded are:

| | |
|---|---|
| Copies: | $ 621.85 |
| Transcripts | 2,392.57 |
| Other | 527.92 |
| Total | $3,542.34 |

IT IS THEREFORE ORDERED that defendants' bill of costs is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff Chauncey Moore in his individual capacity in the amount of $3,542.34 in costs.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: MAY 7, 2008